# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff/Appellee, | |
| v. | No. 26-5021 |
| SCOTT JAMES BERKSHIRE, | |
| Defendant/Appellant. | |

## Appellee's Motion to Dismiss

The United States requests that this Court enforce the appellate waiver in Scott James Berkshire's plea agreement and dismiss this appeal.

## Statement of Jurisdiction

The district court had subject matter jurisdiction under 18 U.S.C. § 3231 because a federal grand jury in the Northern District of Oklahoma charged Berkshire by Indictment with Attempted Coercion and Enticement of a Minor (Count One) and Possession of Child Pornography in Indian Country (Count Two). (R. Vol. I at 15–17). Berkshire subsequently pleaded guilty to Possession of Child Pornography. (R. Vol. I at 104–10). The district court entered its judgment on January 29, 2026, and Berkshire filed a timely notice of appeal. (R. Vol. I at 139–47). This Court has jurisdiction under 28 U.S.C. § 1291, because Berkshire appealed a final judgment of the district court.

1

## Statement of the Case

From about March 31, 2023, to about July 28, 2024, Berkshire knowingly possessed and accessed with intent to view visual depictions of children under 12 years old engaged in sexually explicit conduct, specifically intercourse, within the boundaries of the Muscogee (Creek) Nation. (R. Vol. I at 120; Plea Agreement, Attachment 1 at 10).

Berkshire pleaded guilty to Count Two of the indictment charging Possession of Child Pornography in Indian Country pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(A) plea agreement. (R. Vol. 1 at 111–28; Attachment 1). The government agreed to dismiss the remaining counts of the indictment. (R. Vol. 1 at 121; Attachment 1 at 11). In the plea agreement, Berkshire acknowledged that as to Count Two in the Indictment, he faced up to 20 years of imprisonment. (R. Vol. I at 123; Attachment 1 at 13).

As part of his plea agreement, Berkshire waived his right to appeal his conviction and sentence, unless his sentence exceeding the statutory maximum.

### 3. Appellate and Post-Conviction Waiver

In consideration of the promises and concessions made by the government in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a. The defendant waives rights under 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a) to directly appeal the conviction and sentence, including any fine, assessment, forfeiture, restitution order, term or condition of supervised release, or sentence imposed upon a revocation of supervised release; except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

b. The defendant expressly acknowledges and agrees that the government reserves all rights to appeal the sentence;

c. The defendant waives the right to appeal from the district court's denial of any post-conviction motion to reduce the term of supervised release or probation under 18 U.S.C. §§ 3583(e)(1) or 3564(c); and

d. The defendant waives the right to collaterally attack the conviction and sentence under 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except for claims of ineffective assistance of counsel.

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

3

Revised 05-21-24

Defendant's Initials

**SCOTT JAMES BERKSHIRE**

(R. Vol. I at 113–14; Attachment 1 at 3–4). In addition to signing his name immediately following the appellate and post-conviction waiver, Berkshire initialed or signed each page of the agreement and acknowledged that he read

and voluntarily agreed to all its terms. (R. Vol. I at 111–28; Attachment 1). He also acknowledged that he had the opportunity to read and discuss the plea agreement with his attorney. (R. Vol. I at 128; Attachment 1 at 18). Additionally, in his Petition to Enter Guilty Plea Berkshire averred, "I have been advised and do understand that, *subject to any waiver of my appellate and post-conviction rights contained in my written plea agreement*, I have the right of appeal of any sentence imposed by the Court to the Tenth Circuit Court of Appeals." (R. Vol. I at 108; Petition to Enter Guilty Plea, Attachment 2 at 5).

During the change-of-plea hearing, the magistrate judge performed a thorough Rule 11 colloquy to ensure Berkshire understood the charge alleged in the Indictment and was satisfied with his attorney's representation. (R. Vol. III at 4–49; Change of Plea Tr., Attachment 3 at 7–33). The magistrate judge also reviewed the terms of the plea agreement, including the appellate waiver, with Berkshire and his counsel, John Campbell:

> THE COURT: Okay. I am going to go over this waiver of appellate and post-conviction rights that Ms. Hockenbury talked about in detail because these are extensive waivers, and I want to make sure we are all on the same page. So in this section, you are waiving your right to directly appeal the conviction and sentence, including any fine, assessment, forfeiture, restitution order, term or condition of supervised release, or sentence imposed upon a revocation of supervised release, except you reserve the right to appeal a sentence that exceeds the statutory maximum, which would here be 20 years. You expressly acknowledge and agree that the Government reserves all rights to appeal your sentence. You waive your right to appeal from the district court's denial of any

post-conviction motion to reduce the term of supervised release or probation, and you waive your right to collaterally attack the conviction and sentence under any extraordinary writ, except for claims of ineffective assistance of counsel. It then says your attorney has explained your appellate and post-conviction rights to you; is that correct?

MR. CAMPBELL: Yes.

THE DEFENDANT: Yes. But I did have one question now that you've reread it to me.

THE COURT: Sure. Let me let you talk to your attorney first --

THE DEFENDANT: Okay.

THE COURT: -- with your questions before – before he talks to me.

(An off-the-record discussion was had)

MR. CAMPBELL: Okay.

THE DEFENDANT: Okay.

THE COURT: Were you able to have your question answered, sir?

THE DEFENDANT: I did.

THE COURT: Has your attorney explained your appellate and post-conviction rights to you … that are listed in this paragraph 3 that we've been talking about?

THE DEFENDANT: These? Yes, he -- yes he has, your honor.

THE COURT: Okay. And you understand your rights?

THE DEFENDANT: I do, your honor.

THE COURT: And you're knowingly and voluntarily waiving those rights?

THE DEFENDANT: I am, your honor.

(Attachment 3 at 15–17).

After finishing the necessary plea colloquy, the magistrate judge found that Berkshire was "fully competent and capable of entering into an informed plea and is fully aware of the nature of the charges and consequences of the plea." (Attachment 3 at 32). At the conclusion of the hearing, the magistrate judge accepted Berkshire's guilty plea and explained that sentencing would be set upon receipt of the presentence investigation report. (Attachment 3 at 32–33).

At sentencing, after hearing from the parties, the district court considered the 18 U.S.C. § 3553(a) factors, the parties' arguments, the nature of the offense, and Berkshire's criminal history and personal characteristics. After consideration, the district court accepted the plea agreement and sentenced Berkshire to 168 months' imprisonment. (Attachment 4 at 54).

Despite acknowledging the appellate waiver in his plea agreement and receiving a sentence under the maximum penalty, Berkshire filed a notice of appeal. (R. Vol. I at 147).

## Argument

In evaluating the enforceability of an appellate waiver, this Court must "determine: '(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.'" *United States v. Holzer*, 32 F.4th 875, 881 (10th Cir. 2022) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc)); *see also United States v. Shockey*, 538 F.3d 1355, 1357 n.2 (10th Cir. 2008) (same).

### 1. Berkshire's appeal falls within the scope of his appellate waiver.

Under the plea agreement, Berkshire waived his right to appeal any sentence that did not exceed the statutory maximum. (R. Vol. I at 113–14; Attachment 1 at 3-4). At the change-of-plea hearing, the district court referenced the waiver of appellate rights in the plea agreement and asked Berkshire whether he understood that he was waiving his right to directly appeal or collaterally attack his conviction except for ineffective assistance of counsel claims. (Attachment 3 at 15–17). Berkshire acknowledged that he understood. (*Id.*).

Berkshire received a sentence of 168 months on Count Two, which does not exceed the statutory maximum. (R. Vol. I at 140). Therefore, his appeal falls

within the scope of his appellate waiver, satisfying the first prong of *Hahn. See Holzer*, 32 F.4th at 881 (quoting *Hahn*, 359 F.3d at 1325).

### 2. Berkshire knowingly and voluntarily waived his appellate rights.

Two factors are particularly significant to determining whether a waiver is knowing and voluntary: (1) the language of the plea agreement; and (2) the Rule 11 plea colloquy. *United States v. Ibarra-Coronel*, 517 F.3d 1218, 1222 (10th Cir. 2008) (citing *Hahn* 359 F.3d at 1325). A defendant bears the burden of showing that his waiver was not knowing and voluntary. (*Id.*). Here, Berkshire cannot make that showing. He stated in the plea agreement, "I have read this agreement and carefully reviewed every part of it with my attorney" and that "I understand it, and I voluntarily agree to it." (R. Vol. I at 128; Plea Agreement, Attachment 1 at 18). He further stated, "I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case." (*Id.*). He also stated, "No other promises or inducements have been made to me, other than those contained in this pleading." (*Id.*). Lastly, he agreed that "no one ha[d] threatened or forced … [him] in any way to enter into this agreement" and that he was "satisfied with the representation of … his attorney in this matter." (*Id.*).

During the magistrate judge's thorough change-of-plea colloquy, Berkshire stated that he understood the appellate waiver. (Attachment 3 at 18–19). The

8

court explicitly found that Berkshire was "fully competent to enter into an informed plea and is fully aware of the nature of the charges and the consequences of the plea." (Attachment 3 at 32). Both the plea agreement and Berkshire's colloquy with the magistrate judge demonstrate that he knowingly and voluntarily waived his right to appeal.

### 3.  No miscarriage of justice would arise from holding Berkshire to his bargain and sentencing him to 168 months' imprisonment.

A miscarriage of justice occurs "(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful." *Shockey*, 538 F.3d at 1357 (citations omitted). This inquiry requires this Court to consider "whether 'the waiver is otherwise unlawful,' not whether another aspect of the proceeding may have involved legal error." *Id.*

Here, the record contains no suggestion that the district court relied on an impermissible factor or that the waiver was "otherwise unlawful." Nor did Berkshire receive a sentence above the statutory maximum. Berkshire cannot demonstrate that his counsel rendered ineffective assistance in negotiating the plea agreement and appellate waiver. Therefore, Berkshire cannot establish

that the enforcement of his appellate waiver will result in a miscarriage of

justice.

## Conclusion

For the reasons set forth above, this Court should dismiss Berkshire's

appeal because his appeal is barred by the appellate waiver in his plea

agreement.

CLINTON J. JOHNSON
United States Attorney


*/s/ Alicia N. Hockenbury*
Alicia N. Hockenbury, OBA No. 34108
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119-1013
918.382.2700
Alicia.Hockenbury@usdoj.gov


10th Circuit Rule 27.3(A)(2)(b) Attachments
1.  Doc. 53; Plea Agreement, filed on August 1, 2025
2.  Doc. 52; Petition to Enter Plea of Guilty and Order Entering Plea, filed on August 1, 2025
3.  Transcript of Change-of-plea Hearing on August 1, 2025
4.  Transcript of Sentencing Hearing on January 28, 2026

**Certificate of Compliance with Type-Volume Limit,
Typeface Requirements and Type Style Requirements**

This document complies with the type-volume limit of Fed. R. App. P. 27(d) and 32(a) because, this motion contains 1,926 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally-spaced typeface using Microsoft Word 2016 in 14-point Calisto MT.

*/s/ Alicia N. Hockenbury*
Alicia N. Hockenbury
Assistant United States Attorney

**Certificate of Service**

I certify that on April 16, 2026, I electronically transmitted the foregoing to the Clerk of the Court using the ECF System for filing which will send notification of such filing to the following ECF registrant:

Ryan Thomas Truskoski (Rtrusk1@aol.com)
Counsel for Defendant/Appellant

*/s/ Alicia N. Hockenbury*
Alicia N. Hockenbury
Assistant United States Attorney